UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KHALEDA NAIBKHYL,<br><br>Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>Defendant. | No.  2:22-cv-01368 AC<br><br><br><br>**ORDER** |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying her application for disability insurance benefits ("DIB") under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401-34.[1]  For the reasons that follow, plaintiff's motion for summary judgment will be GRANTED, and defendant's cross-motion for summary judgment will be DENIED.

I.  PROCEDURAL BACKGROUND

Plaintiff applied for DIB on May 15, 2018.  Administrative Record ("AR") 159.[2]  The disability onset date was alleged to be November 5, 2013.  AR 178.  The application was

---

[1] DIB is paid to disabled persons who have contributed to the Disability Insurance Program, and who suffer from a mental or physical disability.  42 U.S.C. § 423(a)(1); Bowen v. City of New York, 476 U.S. 467, 470 (1986).
[2] The AR is electronically filed at ECF Nos. 8-1 (AR 1 to AR 932).

1

disapproved initially and on reconsideration. AR 95-99, 101-106. On August 13, 2020, ALJ Christopher Knowdell presided over the hearing on plaintiff's challenge to the disapprovals. AR 39 – 63 (transcript). Plaintiff, who appeared with counsel Danielle Duarte, was present and testified at the hearing. AR 39-40. Lawrence Hughes, a Vocational Expert ("VE"), also testified at the hearing. Id.

On November 4, 2020, the ALJ found plaintiff "not disabled" under Sections 216(i) and 223(d) of Title II of the Act, 42 U.S.C. §§ 416(i), 423(d). AR 19-33 (decision), 34-38 (exhibit list). On February 2, 2022, the Appeals Council denied plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner of Social Security. AR 1-5 (decision and additional exhibit list). Plaintiff filed this action on August 2, 2022. ECF No. 1; see 42 U.S.C. § 405(g). The parties consented to the jurisdiction of the magistrate judge. ECF No. 7. The parties' cross-motions for summary judgment, based upon the Administrative Record filed by the Commissioner, have been fully briefed. ECF Nos. 9 (plaintiff's summary judgment motion), 10 (Commissioner's summary judgment motion), 11 (plaintiff's reply).

## II.  FACTUAL BACKGROUND

Plaintiff was born in 1964 and accordingly was, at age 53, a person closely approaching advanced age under the regulations when she filed her application.[3] AR 178. Plaintiff has a high school education and can communicate in English. AR 180, 182. Plaintiff alleged disability due to arthritis, back pain, and heel pain. AR 181. Plaintiff has work history as check processor. AR 182.

## III.  LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld "if it is supported by substantial evidence and if the Commissioner applied the correct legal standards." Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1011 (9th Cir. 2003). "'The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . ..'" Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995) (quoting 42 U.S.C. § 405(g)).

---

[3] See 20 C.F.R. § 404.1563(d) ("person closely approaching advanced age").

1    Substantial evidence is "more than a mere scintilla," but "may be less than a
2    preponderance." Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012). "It means such
3    evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v.
4    Perales, 402 U.S. 389, 401 (1971) (internal quotation marks omitted). "While inferences from the
5    record can constitute substantial evidence, only those 'reasonably drawn from the record' will
6    suffice." Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006) (citation omitted).
7    Although this court cannot substitute its discretion for that of the Commissioner, the court
8    nonetheless must review the record as a whole, "weighing both the evidence that supports and the
9    evidence that detracts from the [Commissioner's] conclusion." Desrosiers v. Secretary of HHS,
10   846 F.2d 573, 576 (9th Cir. 1988); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) ("The
11   court must consider both evidence that supports and evidence that detracts from the ALJ's
12   conclusion; it may not affirm simply by isolating a specific quantum of supporting evidence.").

13   "The ALJ is responsible for determining credibility, resolving conflicts in medical
14   testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th
15   Cir. 2001). "Where the evidence is susceptible to more than one rational interpretation, one of
16   which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas v. Barnhart,
17   278 F.3d 947, 954 (9th Cir. 2002). However, the court may review only the reasons stated by the
18   ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn
19   v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007); Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir.
20   2003) ("It was error for the district court to affirm the ALJ's credibility decision based on
21   evidence that the ALJ did not discuss").

22   The court will not reverse the Commissioner's decision if it is based on harmless error,
23   which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the
24   ultimate nondisability determination.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir.
25   2006) (quoting Stout v. Commissioner, 454 F.3d 1050, 1055 (9th Cir. 2006)); see also Burch v.
26   Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

27                               IV.  RELEVANT LAW
28   Disability Insurance Benefits and Supplemental Security Income are available for every

eligible individual who is "disabled." 42 U.S.C. §§ 402(d)(1)(B)(ii) (DIB), 1381a (SSI). Plaintiff is "disabled" if she is "'unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment . . ..'" Bowen v. Yuckert, 482 U.S. 137, 140 (1987) (quoting identically worded provisions of 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A)).

The Commissioner uses a five-step sequential evaluation process to determine whether an applicant is disabled and entitled to benefits. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); Barnhart v. Thomas, 540 U.S. 20, 24-25 (2003) (setting forth the "five-step sequential evaluation process to determine disability" under Title II and Title XVI). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

20 C.F.R. § 404.1520(a)(4)(i), (b).

> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, the claimant is not disabled.

Id. §§ 404.1520(a)(4)(ii), (c).

> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is disabled. If not, proceed to step four.

Id. §§ 404.1520(a)(4)(iii), (d).

> Step four: Does the claimant's residual functional capacity make him capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.

Id. §§ 404.1520(a)(4)(iv), (e), (f).

> Step five: Does the claimant have the residual functional capacity perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Id. §§ 404.1520(a)(4)(v), (g).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. 20 C.F.R. §§ 404.1512(a) ("In general, you have to prove to us that you are blind or disabled"), 416.912(a) (same); Bowen, 482 U.S. at 146 n.5. However, "[a]t the fifth step of the sequential analysis, the burden shifts to the Commissioner to demonstrate that the claimant is not

4

disabled and can engage in work that exists in significant numbers in the national economy." Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012); Bowen, 482 U.S. at 146 n.5.

## V.  THE ALJ's DECISION

The ALJ made the following findings:

> 1. The claimant last met the insured status requirements of the Social Security Act on December 31, 2018.
>
> 2. [Step 1] The claimant did not engage in substantial gainful activity during the period from her alleged onset date of June 7, 2016 through her date last insured of December 31, 2018 (20 CFR 404.1571 *et seq*.).
>
> 3. [Step 2] Through the date last insured, the claimant had the following severe impairments: rheumatoid arthritis; degenerative disc disease of the thoracic spine and lumbar spine; plantar fasciitis; simple partial seizures, not intractable, without status epilepticus (20 CFR 404.1520(c)).
>
> 4. [Step 3] Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526)
>
> 5. [Residual Functional Capacity ("RFC")] After careful consideration of the entire record, I find that, through the date last insured, the claimant had the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) in that she can lift and carry ten pounds frequently and occasionally, sit for six hours of an eight-hour day and stand and walk for two hours of an eight-hour day except she can only occasionally balance, climb, crouch, crawl, kneel and stoop and must avoid concentrated exposure extreme cold, infectious agents, and hazards (moving machinery, unprotected heights etc.).
>
> 6. [Step 4] Through the date last insured, the claimant was capable of performing past relevant work as a check processor. This work did not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).
>
> 7. The claimant was not under a disability, as defined in the Social Security Act, at any time from June 7, 2016, the alleged onset date, through December 31, 2018, the date last insured (20 CFR 404.1520(f)).

AR 21-33. As noted, the ALJ concluded that plaintiff was "not disabled" under Title II of the Act.  AR 33.

////

## VI. ANALYSIS

Plaintiff alleges that the ALJ erred by (1) failing to provide a well-supported explanation for his departure from the examining medical source opinion of the consultative psychologist, T. Renfro, Psy.D.; and (2) failing to provide clear and convincing reasons for discounting plaintiff's allegations of pain and physical dysfunction. ECF No. 9 at 5-14.

### A. The ALJ Inadequately Addressed Dr. Renfro's Opinion

Plaintiff argues that the ALJ improperly discounted the opinion of evaluating psychologist T. Renfro. ECF No. 9 at 6-10; AR 626-630. With respect to medical opinions, new regulations apply to claims filed on or after March 27, 2017, which change the framework for evaluation of medical opinion evidence. Revisions to Rules Regarding the Evaluation of Medical Evidence, 2017 WL 168819, 82 Fed. Reg. 5844-01 (Jan. 18, 2017); 20 C.F.R. § 404.1520c. The new regulations provide that the ALJ will no longer "give any specific evidentiary weight . . . to any medical opinion(s)" but instead must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings from medical sources and evaluate their persuasiveness. Revisions to Rules, 2017 WL 168819, 82 Fed. Reg. 5844, at 5867-68; see 20 C.F.R. § 404.1520c(a) and (b).

The factors for evaluating the persuasiveness of a physician opinion include supportability, consistency, relationship with the claimant (including length of the treatment, frequency of examinations, purpose of the treatment, extent of the treatment, and the existence of an examination), specialization, and "other factors that tend to support or contradict a medical opinion or prior administrative medical finding" (including, but not limited to, "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements"). 20 C.F.R. § 404.1520c(c)(1)-(5). Supportability and consistency are the most important factors, and therefore the ALJ is required to explain how both factors were considered. 20 C.F.R. § 404.1520c(b)(2). Supportability and consistency are defined in the regulations as follows:

> Supportability. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical

> finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> Consistency. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. § 404.1520c(c)(1)-(2).

The ALJ may, but is not required to, explain how the other factors were considered. 20 C.F.R. § 404.1520c(b)(2). However, when two or more medical opinions or prior administrative findings "about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same," the ALJ must explain how "the other most persuasive factors in paragraphs (c)(3) through (c)(5)" were considered. 20 C.F.R. § 404.1520c(b)(3). The Ninth Circuit has confirmed that the new regulatory framework eliminates the "treating physician rule" and displaces the longstanding case law requiring an ALJ to provide "specific and legitimate" or "clear and convincing" reasons for rejecting a treating or examining doctor's opinion. Woods v. Kijakazi, 32 F.4th 785 (9th Cir. 2022). Still, in rejecting any medical opinion as unsupported or inconsistent, an ALJ must provide an explanation supported by substantial evidence. Id. In sum, the ALJ "must 'articulate . . . how persuasive' [he or she] finds 'all of the medical opinions' from each doctor or other source . . . and 'explain how [he or she] considered the supportability and consistency factors' in reaching these findings." Id. (citing 20 C.F.R. §§ 404.1520c(b), 404.1520(b)(2)).

In this case, the opinion of Dr. Renfro and the opinion of State agency medical consultant July Bruno, Psy.D. are the only medical opinions in the record related to mental health. Dr. Bruno submitted an opinion on November 30, 2018, and opined that plaintiff's mental impairments were non-severe. AR 87-88. Dr. Bruno's opinion was brief and did not assign or discuss any specific functional limitations. AR 88. On November 14, 2018, plaintiff presented to T. Renfro, Psy.D., for a psychological examination. AR 626. She endorsed depression and difficulty completing tasks. AR 626. Plaintiff stated she could dust, prepare simple meals, shop in a grocery store, swim, manage finances, groom herself, take short and careful walks (such as to

7

the mailbox and back), and watch television. AR 627-28. Upon examination, she was cooperative, spoke normally, exhibited normal thought content; appeared mildly depressed with depressed affect, and denied feelings of hopelessness, worthlessness, or helplessness. AR 628. Her thought process was concrete and coherent, and she was properly oriented. Id. She exhibited intelligence commensurate with her education. AR 629. Plaintiff exhibited some memory and concentration deficits, but adequate insight and judgment. Dr. Renfro concluded plaintiff had mild mental limitations, except that she had moderate limitations on performing detailed and complex tasks, and dealing with stress. AR 630.

The ALJ assessed Dr. Renfro's opinion by concluding that insofar as the opinion found that "the claimant faces none to mild limits in working functions [it] is persuasive, supported by this physician's direct evaluation of the claimant. It is consistent with the medical evidence of record showing few findings of mental abnormalities in mental status examinations or psychiatric findings at the time of physical exam, rather ordinary range of activities of daily living significantly unlimited by her mental symptoms and no regular treatment for psychiatric problems." AR 25. However, the ALJ went on to conclude that Dr. Renfro's opinion with respect to "the moderate limits to dealing with workplace stress is inconsistent with the finding of Dr. Bruno and the claimant's capacity to adapt or manage herself in a full range of activities of daily living as detailed above." Id.

It is indisputable that the ALJ failed to address the element of supportability as to Dr. Renfro's assigned moderate limitations. Instead, the ALJ summarily discredited these limitations on grounds of inconsistency, with reference to Dr. Bruno's opinion and plaintiff's daily activities. The undersigned agrees with plaintiff that the ALJ failed to support the consistency analysis. As to activities of daily living, contrary to the ALJ's finding, the record does not reflect that plaintiff was able to engage in a full range of activities. Plaintiff reported making simple meals, she did not shop without the assistance of her husband, she performed limited household chores and required help, and her husband took care of their household finances. AR 191-192, 210-212, 223-224, 627-628). Plaintiff's reported activities were very limited and not necessarily inconsistent with Dr. Renfro's assessment that plaintiff would have moderate limitations with workplace

stress. The ALJ failed to explain how such limited daily activities, which are performed with assistance and without any workplace pressure, demonstrated inconsistency with Dr. Renfro's prescribed moderate limitations. See Garrison v. Colvin, 759 F.3d 995, 1016 (9th Cir. 2014) ("impairments that would unquestionably preclude work and all the pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day.").

As to the ALJ's conclusion that Dr. Renfro's opinion is not credible due to inconsistency with Dr. Bruno's opinion, the analysis provided is insufficient. Even under the 2017 revised regulations, "an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence." Woods v. Kijakazi, 32 F.4th 785 (9th Cir. 2022), see also SSR 96-8p ("If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted."). The Ninth Circuit has also held, albeit before the new regulations were issued, that "the opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." Lester v. Chater, 81 F.3d 821, 831 (9th Cir. 1995). Here, the ALJ's summary rejection of Dr. Renfro's opinion based on Dr. Bruno's opinion is insufficient because it does not identify specific inconsistencies. Dr. Bruno's opinion does not provide any assessment of functional limitations; it is a summary opinion devoid of findings that patently or necessarily conflict with the limitations assessed by Dr. Renfro. AR 87-88. The ALJ erred, and is required to properly assess the supportability and consistency factors regarding Dr. Renfro on remand.

B. The ALJ Adequately Supported Rejection of Plaintiff's Subjective Testimony

The ALJ provided sufficient rationale for rejecting plaintiff's subjective testimony regarding her impairments. Evaluating the credibility of a plaintiff's subjective testimony is a two-step process. First, the ALJ must "determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged. . . . In this analysis, the claimant is not required to show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom."

9

Garrison v. Colvin, 759 F.3d 995, 1014 (9th Cir. 2014) (internal citations omitted). Objective medical evidence of pain or fatigue itself is not required. Id. (internal citations omitted). Second, if the ALJ does not find evidence of malingering, the ALJ may only reject the claimant's testimony by offering "specific, clear and convincing reasons for doing so." Id. (internal citations omitted). The Ninth Circuit has "repeatedly warned that ALJs must be especially cautious in concluding that daily activities are inconsistent with testimony about pain, because impairments that would unquestionably preclude work and all the pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day." Id. at 1016.

The ALJ summarized plaintiff's testimony as follows:

> The claimant alleges a combination of impairments causing weakness, fatigue and chronic pain, limiting activities of daily living, social functioning, and the capacity to perform working tasks. The claimant alleges low back pain, wrist pain greater on the right dominant hand than the left, slight pain in the right knee and heel. Wrist pain increases with repetitive grasping, twisting, pushing, and pulling. She has low back pain lifting heavy objects, twisting, turning, climbing, running, squatting, going up and down stairs frequently, crouching or crawling. She can stand, walk and sit for about 30 minutes. She reported using a walker, and wrist braces. She alleged episodes of passing out or syncope. She states she is unable to work due to the functional limitations caused by her physical and mental impairments. The claimant has difficulty with lifting, squatting, bending, standing, walking, sitting, kneeling, stair climbing, seeing, remembering, concentrating, and using hands due to the symptoms of her impairments and chronic pain (Exhibit 2E, 3E, 5E, 7E, 8E, 11F, 15F and hearing testimony).

AR 26.

The ALJ discounted plaintiff's subjective testimony by providing a detailed review of the relevant medical record and concluding that the "record generally shows that findings upon physical exams and in diagnostic testing and medical imaging do not correspond to the level of pain and limitation alleged while symptoms are controlled and improved with the treatment received. While there were a few occasions of abnormal clinical findings, the record does not reveal any significant signs that persisted throughout the relevant period." AR 26-30. The ALJ's reasons for discounting plaintiff's subjective testimony are legally sufficient. "Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony." Carmickle v. Comm'r, Soc. Sec. Admin., 533 F. 3d 1155, 1161 (9th Cir. 2008).

In addition, the ALJ found that the record did not fully support plaintiff's alleged onset date, undermining plaintiff's credibility. The ALJ noted that plaintiff's impairments generally predate the alleged onset date, and did not cause her to cease work activity. AR 30. Plaintiff stated that she stopped working in November 2013 after getting laid off. AR 48. The fact that plaintiff stopped working three years before her alleged date undercuts her claims of disability. Bruton v. Massanari, 268 F.3d 824, 828 (9th Cir. 2001) (claimant's statement to his doctor that was laid off undercut his claim that his symptoms rendered him disabled). An ALJ may find a plaintiff's testimony less credible by using "ordinary techniques of credibility evaluation' and providing a specific, clear and convincing reason, supported by the record[.]" The ALJ's determination with respect to plaintiff's credibility is adequately supported, and the court finds no error on this point.

C.  Remand

The undersigned agrees with plaintiff that the ALJ's error regarding the medical opinion evidence is harmful and that remand for further proceedings by the Commissioner is necessary. An error is harmful when it has some consequence on the ultimate non-disability determination. Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1055 (9th Cir. 2006). The ALJ's error here was harmful because the opinion of Dr. Renfro, properly considered, may very well result in a more restrictive residual functional capacity assessment, which may in turn alter the finding of non-disability.

It is for the ALJ to determine in the first instance whether plaintiff has severe impairments and, ultimately, whether she is disabled under the Act. See Marsh v. Colvin, 792 F.3d 1170, 1173 (9th Cir. 2015) ("the decision on disability rests with the ALJ and the Commissioner of the Social Security Administration in the first instance, not with a district court"). "Remand for further administrative proceedings is appropriate if enhancement of the record would be useful." Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004). Here, the ALJ failed to properly consider the medical opinion of Dr. Renfro. Further development of the record consistent with this order is necessary, and remand for further proceedings is the appropriate remedy.

////

## VII.  CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 9), is GRANTED;

2. The Commissioner's cross-motion for summary judgment (ECF No. 10), is DENIED;

3. The matter is REMANDED to the Commissioner for further consideration consistent with this order; and

3. The Clerk of the Court shall enter judgment for the Plaintiff, and close this case.

DATED: September 15, 2023

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE